UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES OF LABORERS UNION LOCAL
NO. 1298 OF NASSAU AND SUFFOLK
COUNTIES BENEFIT FUNDS,

                       Plaintiffs,

        -against-

ALL COUNTY PAVING CORP., RF PAVING
CORP., and PRIMA ASPHALT CONCRETE INC.,

                    Defendants.
-----------------------------------------------------------------X

**ORDER TO SHOW CAUSE**
15-CV-7013 (SJF)(AYS)

FEUERSTEIN, District Judge:

Pending before the Court is the Report and Recommendation of the Honorable Anne Y. Shields, United States Magistrate Judge, dated August 31, 2017 ("the Report"), (1) recommending (a) that the branch of the motion of plaintiffs Trustees of Laborers Union Local No. 1298 of Nassau and Suffolk Counties Benefit Funds ("plaintiffs") seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on their claims under Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1145, against defendant All County Paving Corp. ("All County") for (i) delinquent contributions from September 14, 2014 to August 14, 2016 in the total amount of six hundred eighty-seven thousand six hundred eighty-four dollars and ten cents ($687,684.10); (ii) interest thereon in the total amount of sixty-eight thousand seven hundred sixty-eight dollars and forty-one cents ($68,768.41); and (iii) liquidated damages in the total amount of sixty-eight thousand seven hundred sixty-eight dollars and forty-one cent ($68,768.41), be granted, (b) that the branches of plaintiffs' motion seeking summary judgment pursuant to Rule 56 of the Federal

Rules of Civil Procedure on their claims seeking to impose liability upon defendants RF Paving Corp. ("RF Paving") and Prima Asphalt Concrete Inc. ("Prima") under the single employer doctrine and/or alter ego doctrine be denied on the basis that "there are triable issues of fact[,]" (Report at 16), and (c) that the branch of plaintiffs' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on their claims for attorneys' fees and costs be denied without prejudice to renewal at the conclusion of this case; and (2) advising, *inter alia*, (a) that "[a]ny written objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of filing of this report[,]" (*id.*) (citing 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 6(a) and 72(b)), (b) that "[a]ny requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections[,]" (*id.*); and (c) that a "[f]ailure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals." (*Id.*) (citing *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985) and *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008)). A copy of the Report was served upon counsel for all parties via ECF on August 31, 2017. (*See* Docket Entry ["DE"] 29). No party has filed any timely objections to the Report, nor sought an extension of time to do so. Indeed, during a telephone status conference held before me on September 13, 2017, counsel for all parties advised that they would not be filing objections to the Report. Nonetheless, for the reasons set forth below, Magistrate Judge Shields's Report is accepted in part and rejected in part.

I.    DISCUSSION

A.    Standard of Review

Any party may serve and file written objections to a report and recommendation of a

magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy

thereof.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Any portion of such a report and

recommendation to which a timely objection has been made is reviewed *de novo.*  28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court, however, is not required to review the factual

findings or legal conclusions of the magistrate judge as to which no proper objections are

interposed.  *See Thomas,* 474 U.S. at 150, 106 S. Ct. 466.  Where a party "received clear notice

of the consequences of the failure to object" to a report and recommendation on a dispositive

matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted);

*accord Small v. Secretary of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his

"failure to object timely to [that] report waives any further judicial review of the report."  *Frank*,

968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor*, 517 F.3d at

604.

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a

violation thereof "in the interests of justice." *King v. City of New York, Dep't of Corr.*, 419 F.

App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89

(2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000).  "Such discretion is

exercised based on, among other factors, whether the defaulted argument has substantial merit or,

put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting

party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir.

2000); *accord King*, 419 F. App'x at 27.

B.      Review of Report

The Court accepts so much of the Report as recommends: (a) granting the branch of

plaintiffs' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure on their ERISA claims against All County for delinquent contributions from

September 14, 2014 to August 14, 2016, interest thereon and liquidated damages; and (b)

denying the branch of plaintiffs' motion seeking summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure on their claims for attorney's fees and costs without prejudice

to renewal at the conclusion of this case.  Accordingly, for the reasons set forth in the Report: (a)

plaintiffs are granted summary judgment pursuant to Rule 56 of the Federal Rules of Civil

Procedure on their ERISA claims against All County for (i) delinquent contributions from

September 14, 2014 to August 14, 2016 in the total amount of six hundred eighty-seven thousand

six hundred eighty-four dollars and ten cents ($687,684.10), (ii) interest thereon in the total

amount of sixty-eight thousand seven hundred sixty-eight dollars and forty-one cents

($68,768.41), and (iii) liquidated damages in the total amount of sixty-eight thousand seven

hundred sixty-eight dollars and forty-one cent ($68,768.41); and (b) the branch of plaintiffs'

motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure

on their claims for attorney's fees and costs is denied with leave to renew at the conclusion of

this case.

However, the Court rejects so much of the Report as finds that there are triable issues of

fact on the issues of whether All County, RF Paving and Prima constitute a single employer or

represent an appropriate employee bargaining unit; and whether RF Paving and Prima are alter

egos of All County. To the extent the Report can be read to find that plaintiffs failed to satisfy

their burden of showing that they are entitled to judgment as a matter of law on their claims

seeking to impose liability upon RF Paving and Prima under the single employer doctrine and/or

alter ego doctrine, the Court agrees and, thus, the branches of plaintiffs' motion seeking summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on their claims against RF

Paving and Prima are denied. However, the Court rejects so much of the Report as (a) finds: (i)

that it cannot be concluded as a matter of law from the record "whether All County, RF Paving

and Prima constitute a single employer[,]" (Report at 10), (ii) "that the facts do not point

conclusively in either direction[]" on the single employer issue, (*id.* at 11), (iii) that the evidence

on the issue of whether All County, RF Paving and Prima represent an appropriate employee

bargaining unit "is not so one-sided as to preclude a reasonable fact finder from holding in favor

of either party on th[at] issue[,]" (*id.* at 13), and (iv) "that there is a triable issue of act as to

whether RF Paving and Prima are alter egos of All County[,]" (*id.* at 15); and (b) recommends

that plaintiffs "be allowed to proceed to trial with respect to the claims that [d]efendants

constitute alter egos and/or a single employer to determine whether all [d]efendants are jointly

and severally liable for the delinquent contributions, interest, fees and costs." (Report at 16).

To the contrary, based on the evidence in the record, the Court is considering granting

summary judgment for RF Paving and Prima pursuant to Rule 56(f) of the Federal Rules of Civil

Procedure on the basis that no rational finder of fact could find in favor of plaintiffs on their

claims against those defendants and, thus, there is no genuine issue for trial. *Ricci v. DeStefano*,

557 U.S. 557, 586, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009). Accordingly, plaintiffs

shall show cause, by filing a memorandum of law and any additional evidentiary materials in support thereof, **by no later than October 25, 2017**, why RF Paving and Prima should not be granted summary judgment dismissing plaintiffs' claims against them in their entirety. *See* Fed. R. Civ. P. 56(f)(2) ("After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.") RF Paving and Prima shall serve any response thereto, together with any additional evidentiary materials in support thereof, **by no later than November 8, 2017**.

II.     CONCLUSION

For the reasons set forth above, (1) Magistrate Judge Shields's Report is rejected to the extent set forth herein, and is otherwise accepted; (2) for the reasons set forth in the Report, (a) plaintiffs are granted summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on their ERISA claims against All County for (i) delinquent contributions from September 14, 2014 to August 14, 2016 in the total amount of six hundred eighty-seven thousand six hundred eighty-four dollars and ten cents ($687,684.10); (ii) interest thereon in the total amount of sixty-eight thousand seven hundred sixty-eight dollars and forty-one cents ($68,768.41); and (iii) liquidated damages in the total amount of sixty-eight thousand seven hundred sixty-eight dollars and forty-one cent ($68,768.41), and (b) the branch of plaintiffs' motion seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on their claims for attorneys' fees and costs is denied without prejudice to renewal at the

conclusion of this case; (3) the branches of plaintiffs' motion seeking summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure on their claims against RF Paving

and Prima are denied; and (4) the Court is considering granting summary judgment in favor of

RF Paving and Prima pursuant to Rule 56(f) of the Federal Rules of Civil Procedure on the basis

that no rational finder of fact could find in favor of plaintiffs on their claims against those

defendants and, thus, there is no genuine issue for trial.  Accordingly, plaintiffs shall show cause,

by filing a memorandum of law and any additional evidentiary materials in support thereof, **by**

**no later than October 25, 2017**, why RF Paving and Prima should not be granted judgment as a

matter of law dismissing plaintiffs' claims against them in their entirety.  RF Paving and Prima

shall serve any response thereto, together with any additional evidentiary materials in support

thereof, **by no later than November 8, 2017**.  The pretrial conference scheduled to be held

before the undersigned on Monday, September 25, 2017, is adjourned to **December 12, 2017 at**

**11:15 a.m.**

SO ORDERED.

                                        /s/

                           SANDRA J. FEUERSTEIN
                           United States District Judge

Dated:  September 22, 2017
          Central Islip, New York